**David Edwin MASON, By and Through Charles C. MARSON, Petitioner–Appellant,**

**v.**

**Daniel B. VASQUEZ, Warden of the California State Prison at San Quentin, Respondent–Appellee.**

**David Edwin MASON, Petitioner,**

**Randy ALANA, Patrick Tafoya and Lee Terry Farmer, as next friends of David E. Mason, Applicants in intervention-Appellants,**

**v.**

**Daniel B. VASQUEZ, Warden of the California State Prison at San Quentin, Respondent–Appellee.**

**Nos. 93–99008, 93–99009.**

United States Court of Appeals, Ninth Circuit.

Oct. 6, 1993.

Before: WALLACE, Chief Judge, TANG, SCHROEDER, PREGERSON, POOLE, BEEZER, KOZINSKI, NOONAN, THOMPSON, TROTT, and FERNANDEZ, Circuit Judges.

## ORDER

The mandate is recalled. The en banc court having completed its duty pursuant to Death Penalty Rule 22–4(e)(3), the en banc court remands this cause to the panel which had initial jurisdiction.

PREGERSON, Circuit Judge, dissenting:

Because I do not believe that the en banc panel completed its duties under Ninth Circuit Rules 22–2(b)(4) and 22–4(e)(2), I respectfully dissent. I also concur in Judge Noonan's dissent.

## I. PROCEDURE

Rule 22–2(b)(4) states that, upon a call for en banc review under Rule 22–4(e)(2),

> the death penalty en banc court, selected for that case, *will* review the decision of the special state death penalty panel. That en banc court's review *shall include not only* the review of orders granting or denying applications for a certificate of probable cause and motions for stays of execution, *but shall extend to all of the other decisions* of the special state death penalty panel, *including decisions on the merits.*

(Emphasis added.)

On August 23, 1993, the en banc panel issued an order that stated

> A majority of the special death penalty en banc court has voted to affirm the order of the special death penalty panel vacating the stay entered by the district court. All stays in the circuit and district courts are hereby vacated.

This order reflects an en banc vote as to the stay of execution only. The en banc court did not review the merits of the opinion issued by the special state death penalty three-judge panel. It is true that an en banc panel member's vote on whether to grant a stay will often reflect that member's position on the merits of the three-judge panel's opinion. But in this instance it was clear that

several panel members cast their votes only on the stay. This is not the review explicitly provided for by our death penalty rules.

There are problems with the death penalty three-judge panel's opinion. I believe that the death penalty en banc panel was *required* to address the merits of the three-judge panel's opinion. Thus, I discuss these problems below.

## II. THE MERITS

### A. Background

On April 23, 1992, petitioner David Mason filed a habeas petition in federal district court challenging his state murder convictions and death sentence. On January 7, 1993, he informed the district court that he did not wish to seek any further relief in federal court. On May 13–14, 1993, the district court held a competency hearing to determine David Mason's mental competency to make such a decision. On June 7, 1993, the district court issued an order in which it found him to be competent. *See* Order Following Competency Hearing (N.D.Cal. June 7, 1993) ("Order"). The court then stayed David Mason's execution pending review of its decision on the issue of competency by our court. *See* Order Denying Motion to Strike, Denying Motion to Amend or Alter the Judgment and Granting Application For a Certificate of Probable Cause And a Stay of Execution (N.D.Cal. Aug. 3, 1993). David Mason's attorney, Charles Marson, thereafter appealed the district court's order to our court.

On August 20, 1993, the special death penalty three-judge panel affirmed the district court's order. I believe that, at the least, this matter should have been remanded to the district court to determine whether David Mason was competent to waive his appeals by applying the burden of proof announced by the three-judge panel.

1. The district court had already announced—well before the hearing itself—that the burden of proof ultimately rested with Attorney Marson. *See* Points and Authorities in Support of Motion to Alter or Amend the Judgment, June 28, 1993, at 2 (Brief of Appellant Attorney Marson).

### B. The District Court's Error

The district court held that the burden of proof rested on Attorney Marson to prove that David Mason was incompetent to waive his additional appeals. *See* Order, at 8–9. The district court cited circuit precedent in "next friend" cases that held that the "burden [of proof] is on the person asserting petitioner's incompetence." *Id.* at 8 (citations omitted). The court analogized the threshold inquiry of the "next friend analysis" to this case and concluded that Attorney Marson had the burden of proving by a preponderance of the evidence that David Mason was not competent to waive his appeals.[1]

In contrast, the three-judge panel held that competence *"is no one's burden to sustain,* rather it is for the court to determine by a preponderance of the evidence whether the petitioner is mentally competent to withdraw his petition." *See Mason v. Vasquez,* 5 F.3d 1220, 1225 (9th Cir.1993) (emphasis added). By concluding that *no one* had the burden of proving David Mason's competency, the three-judge panel necessarily determined that the district court erred in stating that the burden of proof was on Attorney Marson.

### C. Proper Disposition

This being the case, the three-judge panel should have remanded this matter to the district court to determine David Mason's competency by applying the burden of proof enunciated by the three-judge panel—viz. whether Mason, by a preponderance of the evidence, was mentally competent to withdraw his petition and to waive his appeals.

In cases where an appellate court determines that an improper burden of proof was applied, the normal course is to remand so that the evidence can be reexamined in light of the appropriate standard. *See Santowsky v. Kramer,* 455 U.S. 745, 770, 102 S.Ct. 1388,

That the district court put the burden on Attorney Marson is further illustrated by the district court's conclusion that "[a] preponderance of the evidence does not show, however, that the remaining diagnostic criteria of PTSD or any other mental illness have been manifested." Order, at 15.

1403, 71 L.Ed.2d 599 (1982); *In re Winship,* 397 U.S. 358, 367–68, 90 S.Ct. 1068, 1074, 25 L.Ed.2d 368 (1970); *Ng Yip Yee v. Barber,* 267 F.2d 206 (9th Cir.1959); *Brewer v. Lewis,* 989 F.2d 1021, 1031 (Norris, J., dissenting). *See also Carvalho v. Raybestos–Manhattan, Inc.,* 794 F.2d 454, 455 (9th Cir.1986) (recognizing that burden of proof affects all aspects of the jury's verdict and that it is impossible to determine whether the erroneous burden of proof was outcome determinative); *Matter of Battaglia,* 653 F.2d 419, 423–24 (9th Cir.1981) (after concluding that the district court misplaced the burden of proof, the court held that "[b]y placing the burden of persuasion on [the defendant], the district court made the gaps in [the defendant's] proof more damaging than the gaps in the government's proof. This was error."); *United States v. Lake,* 482 F.2d 146, 149–50 (9th Cir.1973) (erroneous burden-shifting instruction required new trial where there is at least some doubt that the jury misinterpreted the proper allocation of the burden of proof).

Here, the district court applied an improper allocation of the burden of proof to determine David Mason's competency. In so doing, the court placed more weight on the deficiencies in Attorney Marson's proof establishing incompetency than on the government's proof establishing competency. In short, the district court improperly placed the risk of nonpersuasion on Attorney Marson.

Nonetheless, the three-judge panel concludes, that even though the district court said it was placing the burden of proof on Attorney Marson, that in fact the court did not do so when it determined David Mason's competency. The panel does not provide any record cites to support its conclusion. In fact, the district court's application of the incorrect burden of proof *pervades* its analysis in determining David Mason's competency. *See* Order, at 8–9, 15, 16, 17, 18. The district court *never* found that David Mason had the "capacity to appreciate his position and make a rational choice with respect to continuing or abandoning further litigation." *Rees v. Peyton,* 384 U.S. 312, 314, 86 S.Ct. 1505, 1506, 16 L.Ed.2d 583 (1966). The district court merely found that David Mason was *not incompetent.* The district court did not affirmatively find that he was *competent* to waive his appeals.

The district court's error could have easily changed the outcome of this case. This is because "[i]n all kinds of litigation it is plain that where the burden of proof lies may be decisive of the outcome." *Speiser v. Randall,* 357 U.S. 513, 526, 78 S.Ct. 1332, 1342, 2 L.Ed.2d 1460 (1958). Given the substantial evidence that David Mason had suffered severe trauma beyond the range of usual human experience (e.g., setting himself on fire, intentional collapsing of his own windpipe, slashing his own wrists, attempting to hang himself, and slashing of his own throat), I find it impossible to say that the district court's erroneous placement of the burden of proving incompetency on Attorney Marson could not have affected the outcome in any way.

Indeed, the district court acknowledged as much in its Order Denying Motion to Strike, Denying Motion to Amend or Alter the Judgment and Granting Application For a Certificate of Probable Cause and a Stay of Execution, at 2–3. The court there said that "[i]f the orders of June 7 and 14, 1993, are based on an error of law or fact, *this court may have erred in allowing Mr. Marson to be discharged by petitioner." Id.* (Emphasis added.) Moreover, the district court entered a stay of David Mason's execution pending review by our court of the issue regarding the placement of the burden of proof. *Id.* at 4–5. In so doing, the district court noted that "[o]ne district court has placed the burden of proof on the state at an analogous hearing ... and, although this court disagrees with that holding, the issue is debatable among jurists of reason." *Id.* at 5. Hence, the district court implicitly acknowledged that the placement of the burden of proof in this case could be outcome determinative.

Accordingly, we should have remanded this matter to the district court so that it could have applied—in light of the three-judge panel's decision—the proper burden of proof to determine David Mason's mental

competency to withdraw his petition and to waive his appeals.[2]

For the reasons set forth above, I respectfully dissent from the en banc panel's order remanding this case to the three-judge panel without addressing the merits.

NOONAN, Circuit Judge, dissenting:

I concur in Judge Pregerson's dissent and add the following:

1. The rules, as carefully constructed to govern cases involving the imposition of death, were not observed.

2. Precedent was not observed. If reasonable jurists can disagree on the merits of an issue involving death, the court should grant a stay so that the matter may be fully considered. *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 3394–95 n. 4, 77 L.Ed.2d 1090 (1983).

3. Emergencies and errors of the kind that occurred in this case are created by the exigencies of state law setting a twenty-four hour period in which the death warrant is good. Cal.Penal Code § 1227 ("appointing a day upon which the judgment shall be executed"). The State of California is capable of legislative action that does not impose such draconian limits. *See id.* § 1227.5.

The state law should be conformed to the requirements of the United States Constitution and the review that habeas corpus provides thereunder.

---

**2.** There is, of course, an additional question whether the three-judge panel erred in holding that proof of competency was "no one's burden to sustain." Because one party must bear the risk of nonpersuasion, it seems difficult to conclude that proof of competency is "no one's burden to sustain" and at the same time hold that "it is for the court to determine *by a preponderance of the evidence* whether the petitioner is mentally competent to withdraw his petition." *Mason,* at 1225 (emphasis added).